FILED
SUPERIOR COURT
OF GUAM

2022 FEB -1 PM 4: 26

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>v.<br><br>**ELIUD DULEI**<br>(*aka* **Eliud Bulei**)<br>(*aka* **Eliud Masao Dulei**)<br>(*aka* **Dulei Eliud**)<br>(*aka* **Kelsie Masao Sakuma**)<br>(*aka* **Kelsi**),<br>DOB: 07/16/1986<br><br>Defendant. | **Criminal Case No. CF0190-21**<br>GPD Report Nos. 21-01957 / 21-07160 /<br>21-07262 / 21-08741<br><br>**DECISION AND ORDER<br>DENYING DEFENDANT'S MOTION<br>TO SEVER AND BIFURCATE COUNTS<br>FOR TRIAL** |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on November 30, 2021 for hearing on Defendant Eliud Dulei's (*aka* Eliud Bulei's) (*aka* Eliud Masao Dulei's) (*aka* Dulei Eliud's) (*aka* Kelsie Masao Sakuma's) (*aka* Kelsi's) ("Defendant's") Motion to Sever and Bifurcate Counts for Trial ("Motion"). Assistant Attorney General Dannis Le represents the People, and Heather Zona represents Defendant. Having duly considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

### BACKGROUND

On April 14, 2021, Defendant was arrested and charged with Charge One: Home Invasion (as a 1st Degree Felony), with *Special Allegation*: Possession or Use of a Deadly Weapon in the Commission of a Felony; Charge Two: Family Violence (as a 3rd Degree Felony); Charge Three: Terrorizing (as a 3rd Degree Felony) (*Six Counts*), with *Special Allegation*: Possession or Use of a Deadly Weapon in the Commission of a Felony (*Six Counts*); Charge Four: Terrorizing (as a 3rd Degree Felony) (*Two Counts*), with *Special Allegation*: Possession or Use of a Deadly Weapon in

Decision and Order Denying Defendant's Motion to Sever and Bifurcate Counts for Trial
CF0190-21, *People of Guam v. Eliud Dulei*
Page 1 of 6

the Commission of a Felony (*Two Counts*); Charge Five: Criminal Mischief (as a 3rd Degree Felony); Charge Six: Simple Stalking (as a 3rd Degree Felony); Charge Seven: Assault (as a Misdemeanor); Charge Eight: Criminal Mischief (as a Misdemeanor); Charge Nine: Resisting Arrest (as a Misdemeanor); Charge Ten: Harassment (as a Petty Misdemeanor); and Charge Eleven: Disorderly Conduct (as a Petty Misdemeanor). See Indictment (Apr. 22, 2021).

The charges stem from five incidents allegedly committed over a three-month period. Id. Specifically, Charges Two and Seven relate to a January 23, 2021 incident; Charges One, Three, and Eight relate to a March 23, 2021 incident; Charges Six, Ten, and Eleven relate to a March 24, 2021 incident; Charges Four and Five relate to an April 11, 2021 incident; and Charge Nine relates to an April 14, 2021 incident. Id.

On August 20, 2021, Defendant filed his Motion to Sever and Bifurcate Counts for Trial. Defendant requested severing the charges into five separate trials, dependent of the date in which each allegedly occurred. See Motion at 1 (Aug. 20, 2021). Defendant also requested bifurcating the *Special Allegations*: Possession or Use of a Deadly Weapon in the Commission of a Felony from their associated charges. Id. at 1. Defendant claims severance is required because the acts alleged do not constitute a common scheme or plan, and evidence of prior bad acts would unfairly prejudice him. Id. at 1. Defendant claimed bifurcation is required to avoid "prejudice of the jury leaning on aggravating circumstances prior to making a finding of guilt." Id. at 1-2.

On November 10, 2021, the People filed their Response to Defendant's Motions In Limine ("People's Response"). The People argued severance is not possible because Charge Six (Simple Stalking, as a 3rd Degree Felony) requires evidence of the additional incidents. See People's Response at 7 (Nov. 10, 2021).

On November 30, 2021, the parties stipulated to forgo oral arguments and agreed to let the Court decide the matter on the briefs. The Court subsequently took the matter under advisement.

## DISCUSSION

I.  **Issue of Severance:**

a.  **Joinder of the charges is appropriate because they are based on the same conduct or arise from the same criminal episode.**

Decision and Order Denying Defendant's Motion to Sever and Bifurcate Counts for Trial
CF0190-21, *People of Guam v. Eliud Dulei*
Page **2** of 6

Guam law favors and encourages joinder of offenses "based on the same conduct or arising from the same criminal episode". See 9 G.C.A. § 65.30(b). Offenses may qualify as being in the same course of conduct or criminal episode if "prosecution of the offenses will involve substantially interrelated proof." See *People v. Rogers*, 742 P.2d 912, 918 (Colo. 1987). Courts also look at whether the charges share similar temporal proximities, physical locations, modes of operation, and victim identities. See *U.S. v. Jawara*, 474 F.3d 565, 577 (9th Cir. 2007). Charges constitute a "common scheme or plan" if "commission of one of the offenses... depended upon... commission of the others." Id. at 574.

Here, despite occurring on five separate dates, the charges all relate to each other factually and causally. Charges One through Eight, Ten, and Eleven all share the same victim identities (Larue Ikeda and her children). See Indictment (Apr. 22, 2021). Charges One through Eight, Ten, and Eleven also stem from conduct allegedly occurring in/around the same physical location (Larue Ikeda's Dededo residence). See Magistrate's Complaint (Apr. 15, 2021). The charges also share similar modes of operation, with Defendant allegedly using verbal threats and weapons (golf clubs, machetes, knives, etc.) to scare the victims. Id. Charge Nine (Resisting Arrest, as a Misdemeanor) stems from conduct during Defendant's arrest following the April 11, 2021 incident. Id.

Furthermore, "prosecution of the offenses will involve substantially interrelated proof." See *Rogers*, 742 P.2d at 918. Charge Six (Simple Stalking, as a 3rd Degree Felony) requires that the defendant "*repeatedly*" follow or harass another person. See 9 G.C.A. § 19.70(a) (*emphasis added*). Proof of more than one incident is required to prosecute this offense due to its cumulative definition. Therefore, the People will necessarily have to introduce proof of the other incidents when proving Charge Six.

The charges all share similar conduct characteristics laid out in *Jawara*. Furthermore, Charge Six involves interrelated proof to the other charges when

Decision and Order Denying Defendant's Motion to Sever and Bifurcate Counts for Trial
CF0190-21, *People of Guam v. Eliud Dulei*
Page 3 of 6

prosecuting, and its commission depends upon the other charges. Therefore, joinder is appropriate, and the charges will not be severed.

**b. The probative value of admitting multiple offenses into evidence is not substantially outweighed by a danger of unfair prejudice.**

Even if joinder is otherwise permissible under 9 G.C.A. § 65.30, the court may order severance "if it appears that a defendant... is prejudiced by a joinder of offenses". See 9 G.C.A. § 65.35. To exclude relevant evidence, the probative value must be "*substantially* outweighed by the danger of unfair prejudice." See 6 G.C.A. § 403 (*emphasis added*).

The probative value of admitting evidence surrounding multiple incidents is clear. Charge Six (Simple Stalking, as a 3rd Degree Felony) requires proof of repeated harassment, and therefore evidence of the incidents preceding it.

The danger of unfair prejudice is also clear here. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." See 6 G.C.A. § 404(b). Although the People attest they will not introduce past incidents as propensity evidence, there remains a danger that jurors may interpret it as such. Furthermore, jurors may be unable to distinguish evidence concerning charges occurring on one date from evidence concerning charges on another. The Defendant's Fifth Amendment rights may also be prejudiced. Defendant may wish to testify concerning one set of the events, but not the others. However, if the charges are not severed, Defendant would be required to choose between testifying in his own defense on all the charges or none at all.

However, 6 G.C.A. § 403 is a rule favoring inclusion of evidence, only excluding relevant evidence if its prejudicial value *substantially* outweighs its probative value. Having balanced both the probative value and the prejudicial danger of admitting evidence surrounding all the incidents, it's clear the prejudicial danger does not rise to this level. The probative value of admitting evidence surrounding all the incidents is extremely high, as Charge Six can only be prosecuted if evidence

Decision and Order Denying Defendant's Motion to Sever and Bifurcate Counts for Trial
CF0190-21, *People of Guam v. Eliud Dulei*
Page **4** of 6

surrounding the other incidents is admitted. Therefore, the Court will not sever the charges under grounds of prejudice.

## II. Bifurcation of the sentencing enhancements is not appropriate because they do not prejudice Defendant.

Defendant also requests that the sentencing enhancements be bifurcated from the remaining charges. See Motion at 5 (Aug. 20, 2021). The People do not oppose bifurcation of the guilt and sentencing phases of trial in the event it is required by the People providing notice of a felony while on felony release sentencing enhancement. See People's Response at 7-8 (Nov. 10, 2021).

It is inherently prejudicial to apprise the jury of aggravating facts before a conviction has been obtained. See *People v. Quitugua*, 2015 Guam 27 ¶ 39. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to the jury and proven beyond a reasonable doubt." See *People v. Moses*, 2016 Guam 17 ¶ 9 (quoting *People v. Muritok*, 2003 Guam 21 ¶ 43).

Here, the only sentencing enhancement Defendant faces is *Special Allegation*: Possession or Use of a Deadly Weapon in the Commission of a Felony. See Indictment (Apr. 22, 2021). Whether Defendant used a deadly weapon in the commission of a felony is a factual issue that must be submitted to the jury. Unlike Commission of a Felony While on Felony Release, Possession or Use of a Deadly Weapon in the Commission of a Felony can't be improperly interpreted as propensity evidence because it does not suggest that Defendant has committed like acts before. Therefore, bifurcation is unnecessary, and the issue may be submitted to the jury before sentencing.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. The charges will not be severed into separate trials, and the special allegations will not be bifurcated from the remaining charges.

February 1, 2022

**IT IS SO ORDERED** this _____.

Decision and Order Denying Defendant's Motion to Sever and Bifurcate Counts for Trial
CF0190-21, *People of Guam v. Eliud Dulei*
Page 5 of 6



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Sever and Bifurcate Counts for Trial
CF0190-21, *People of Guam v. Eliud Dulei*
Page **6** of **6**